CARNEY et ux. v. McCELVEY et al.

(Court of Civil Appeals of Texas. April 8, 1911.)

1. HOMESTEAD (§ 108*)—INCUMBRANCE—VALUE IN EXCESS OF HOMESTEAD—RESTRAINING FORECLOSURE SALE.

In an action to restrain a trustee and a mortgagee's assignee from selling land covered by a deed of trust, it was not error to deny the injunction because since the execution of the mortgage plaintiffs had made their homestead on the land, and so are entitled to have the excess acreage sold first and the proceeds applied to the payment of their debt, where the excess appears to have been sold, and the purchasers are not parties to the action.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 167; Dec. Dig. § 108.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.

In an action to restrain the foreclosure of a mortgage, an assignment that the trial court erred in vacating the injunction because appellant since the execution of the mortgage had established a rural homestead on the mortgaged premises, and that they had the equitable right to have the excess acreage over the homestead sold first, cannot be considered where there is nothing in the statement accompanying the assignment showing that there was any such excess acreage which could reasonably be expected to sell for enough to satisfy appellee's indebtedness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.

In such case, an assignment of error that the court should have continued the injunction until a trial of the facts at the next term of court, when the amount due by appellant on such mortgage had been determined and the rights of all parties to the suit adjusted, and the injurious consequences of the sale prevented, cannot be considered where the statement accompanying the assignment fails to show that appellees are attempting to sell the land for more than is justly due by appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Haskell County; J. B. Thomas, Judge.

Action by T. G. Carney and wife against H. M. McCelvey and another. From a judg-ment dissolving a preliminary injunction, plaintiffs appeal. Affirmed.

Cunningham & Oliver and Sanders & Wilson, for appellants. H. G. McConnell and Gordon B. McGuire, for appellees.

SPEER, J. T. G. Carney and wife, Lizzie, sought an injunction against Gordon B. McGuire, as substitute trustee, and H. M. McCelvey, as owner of the indebtedness secured by a deed of trust, to restrain them from selling certain real estate covered by the deed of trust, and from a judgment in vacation dissolving the preliminary writ previously granted have appealed.

The ruling of the court is alleged to be error, first, because appellants had tendered to the W. C. Belcher Land Mortgage Company the amount claimed by it as the balance of the indebtedness prior to the assignment by that company of the indebtedness to appellee H. M. McCelvey; and, further, that, if they had not tendered said amount in payment, they had tendered to the W. C. Belcher Land Mortgage Company the full amount due upon the condition that the land mortgage company should assign and transfer the indebtedness and mortgage to the Farmers' & Merchants' National Bank of Grandview, all of which was refused by the land mortgage company. It seems to be undisputed that appellants at no time ever offered to pay off the indebtedness to the W. C. Belcher Land Mortgage Company, and it is very doubtful if in any event they could by tendering to that company the amount due on its indebtedness require it to assign and transfer such indebtedness and mortgage to their nominee, especially since Mr. Cobb, the secretary of the W. C. Belcher Land Mortgage Company, testified that his company had previously contracted to assign the indebtedness and mortgage to appellee McCelvey, but we need not decide this question because the evidence fails to show that appellants or any one for them ever tendered to the land mortgage company any amount, at the same time requiring the assignment referred to.

[1, 2] The ruling is next assigned to be error because since the execution of the mortgage appellants had made their rural homestead on the land involved, and they therefore had the equitable right to have the excess acreage over and above their homestead sold first and the proceeds applied to the payment of their debt before their homestead should be sold. If, in any event, the Carneys would be entitled to such equitable relief, this is not shown to be such a case, for the excess referred to appears to have been sold to other purchasers, who themselves might have equities requiring consideration and who are not parties to the suit, and, moreover, there is nothing to show in the statement submitted under the assign-

ment presenting this question that there is any such excess which could reasonably be expected to sell for enough to satisfy appellants' indebtedness. And, furthermore, the facts are such as to support the court's implied finding that the land was not in fact homestead.

[3] The remaining assignments are grouped and form a predicate for the following proposition: "The court should have continued the injunction in force until a trial of the facts could be had at the next term of said court which begins on the 29th day of May, 1911, and the amount due by appellants on said deed be determined and the right of all the parties to the suit determined and adjusted, and the injuries consequent upon the sale before trial presented." There is nothing in the statement supporting this proposition, or the record, as to that, showing that appellees are attempting to sell the land for more than is justly due by appellants. There was therefore no issue to be held over for final determination at term time.

The judgment of the district court dissolving the injunction is affirmed.